Stewart, J.,
dissenting. I can not agree with the conclusion at which the majority of the court has arrived.
Taxicabs are classified as passenger cars, and under Section 6292, General Code (Section 4503.04, Revised Code), a tax of $10 is paid on each passenger car regardless of weight, horse power, or other considerations.
Commercial cars are taxed on an entirely different basis.
Taxes on motor vehicles at the rates provided in Section 6292, General Code, are in lieu of all taxes on or with respect to the ownership of motor vehicles, except' as provided in Section 6292-2, General Code (Section 4503.06, Revised Code), which has to do with a tax on house trailers.
Taxes are not levied on integral parts of motor vehicles or inherently motor-vehicle equipment.
In my opinion the meters and two-way radios in the taxicabs are inherently motor-vehicle equipment.
It is common knowledge that a large proportion of ordinary passenger cars are used by their owners almost exclusively for business purposes, and yet no separate tax is levied on their speedometers, mileage meters, radios, seat covers, or many other devices, *511 which naturally go with the cars but which are in no sense necessary to their motive power.
If taxicabs were classified in the statute as commercial cars and were taxed on a different basis from passenger cars, I would agree with the majority opinion. Since, however, taxicabs, as has been stated, are classified for taxation with passenger cars, whether used for pleasure or business, it seems to me that the meters and radios with which taxicabs are equipped should no more be taxed than are similar devices in other passenger cars.